# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| | : | |
| BRIAN NELSON, | : | |
| | : | |
| Debtor . | : | Bankruptcy No. 16-18179 |

## ORDER

**AND NOW,** this _____ day of June, 2017, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell his real property located at 233 Church Avenue, Ephrata, PA 17552("Property"), free and clear of all liens, for the sale price of $139,900.00, pursuant to the terms of a certain real estate agreement of sale dated as of February 28, 2017 to the buyer(s) thereunder Ryan Zeager ("Buyer"), who has been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters       $      173.00

2. Liens paid at closing – FIRST MORTGAGE       $105,000.00

3. Real estate taxes, sewer, trash and/or other such items       $   4,040.50

4. Property repairs, if any       $   9,008.12

5. Real estate commission, at no greater than 6%       $   8,323.16

6. Seller Assist       $   6,246.00

| | | |
|---|---|---:|
| 7. | To Debtor for 522(d)(5) Exemption | $6,268.94 |
| 8. | Transfer tax | $1,399.00 |
| | TOTAL | $140,458.72 |

After paying all liens in full and all costs of sale, the title clerk shall pay to William C. Miller, Chapter 13 standing trustee, the balance of the sales proceeds, if any.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Debtor shall not be permitted to voluntarily dismiss this case; he may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

**BY THE COURT**

**Date: June 30, 2017**

_____
**HONORABLE ASHELY M. CHAN**
**BANKRUPTCY JUDGE**