United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Brian Nelson  
    Debtor

Case No. 16-18179-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Stacey     Page 1 of 1     Date Rcvd: Jul 05, 2017  
                  Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 07, 2017.  
db          +Brian Nelson,  3 Strawberry Lane,   Lancaster, PA 17602-1636

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                       TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 07, 2017                                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 5, 2017 at the address(es) listed below:

        ALAINE V. GRBACH    on behalf of Debtor Brian  Nelson avgrbach@aol.com  
        BRIAN CRAIG NICHOLAS    on behalf of Creditor    Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com  
        JEROME B. BLANK    on behalf of Creditor    HSBC Bank USA, N.A.  et al paeb@fedphe.com  
        KERI P EBECK    on behalf of Creditor    Citizens Bank, N.A. kebeck@weltman.com, jbluemle@weltman.com  
        MATTEO SAMUEL WEINER    on behalf of Creditor    Morgan Stanley Mortgage Loan Trust 2007-8XS, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank bkgroup@kmllawgroup.com  
        THOMAS YOUNG.HAE SONG    on behalf of Creditor    HSBC Bank USA, N.A.  et al pa.bkecf@fedphe.com  
        THOMAS YOUNG.HAE SONG    on behalf of Creditor    Wells Fargo Bank, NA pa.bkecf@fedphe.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com  
                                                                                                                        TOTAL: 9

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| BRIAN NELSON, | : | |
| | : | |
| Debtor . | : | Bankruptcy No. 16-18179 |

**ORDER**

      **AND NOW,** this _____ day of June, 2017, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

      **ORDERED,** that debtor is granted permission to sell his real property located at 233 Church Avenue, Ephrata, PA 17552("Property"), free and clear of all liens, for the sale price of $139,900.00, pursuant to the terms of a certain real estate agreement of sale dated as of February 28, 2017 to the buyer(s) thereunder Ryan Zeager ("Buyer"), who has been represented to be purchasing the Property at arms-length.

      The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters     $ 173.00

2. Liens paid at closing – FIRST MORTGAGE     $105,000.00

3. Real estate taxes, sewer, trash and/or other such items     $ 4,040.50

4. Property repairs, if any     $ 9,008.12

5. Real estate commission, at no greater than 6%     $ 8,323.16

6. Seller Assist     $ 6,246.00

| | | |
|---|---|---:|
| 7. | To Debtor for 522(d)(5) Exemption | $6,268.94 |
| 8. | Transfer tax | $1,399.00 |
| | TOTAL | $140,458.72 |

After paying all liens in full and all costs of sale, the title clerk shall pay to William C. Miller, Chapter 13 standing trustee, the balance of the sales proceeds, if any.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Debtor shall not be permitted to voluntarily dismiss this case; he may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

**Date: June 30, 2017**

BY THE COURT

_____
HONORABLE ASHELY M. CHAN
BANKRUPTCY JUDGE